IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:17-328-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Scottie Lee Cromer, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Scottie Lee Cromer's ("Cromer") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained below, the court summarily dismisses Cromer's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 8, 2017, Cromer pled guilty pursuant to a plea agreement to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of possession of cocaine base in violation of 21 U.S.C. § 844(a). On April 24, 2018, Cromer was sentenced to 80 months' imprisonment. He did not appeal his sentence. On October 1, 2020,[1] Cromer filed the instant § 2255 motion arguing that his guilty plea on his felon in possession of a firearm conviction should be vacated based on Rehaif v. United States, 139 S. Ct. 2191 (2019), and United States v. Gary, 954 F.3d 194 (4th Cir. 2020). In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

category of persons barred from possessing a firearm." Id. at 2200 (The defendant argued that the court erred in instructing the jury that it did not need to find that the defendant knew he was in the country unlawfully.)  The matter is now ripe for consideration.

## II. Discussion of the Law

Upon review, the court finds that Cromer's § 2255 motion is untimely.  Pursuant to 28 U.S.C. § 2255(f),

> [a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When the a defendant fails to pursue a direct appeal, the defendant's conviction is final when the time to file a direct appeal expires.  United States v. Johnson, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (unpublished); United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (finding that a defendant's conviction becomes "final on the date upon which he decline[s] to pursue further direct appellate review").  The judgment against Cromer was entered on April 30, 2018.  Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, he had fourteen days to appeal his conviction and sentence after entry of judgment.  Cromer did not pursue a direct appeal.  Further, Cromer did not file the instant motion until October 1,

2

2020, approximately a year and a half after his conviction became final. Thus, Cromer's motion is time barred under § 2255(f)(1).

In addition, § 2255(f)(2) is not at issue in this case. With respect to § 2255(f)(3), under § 2255, a movant has one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.

> Rehaif has not been found to be retroactive to cases on collateral review. Rehaif . . . did not announce a "new rule of constitutional law," but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) -- which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years -- the government must prove that the defendant knew he violated each of the material elements of § 922(g). Moreover, even if Rehaif had announced a new rule of constitutional law . . . , it was not made retroactive to cases on collateral review by the Supreme Court.

In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019); In re Sampson, 954 F.3d 159, 161 (3d Cir. 2020) ("First and foremost, Rehaif did not state a rule of constitutional law at all."); Morrison v. United States, No. 515CR00074KDBDSC1, 2020 WL 2475076, at *2 (W.D.N.C. May 13, 2020) ("Rehaif . . . did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2). Moreover, even if Rehaif had announced a new rule of constitutional law, the Supreme Court did not make Rehaif retroactive to cases on collateral review.").

Further, even if Rehaif did announce a new rule of constitutional law that the Supreme Court found was retroactive to cases on collateral appeal, Cromer did not file the instant § 2255 motion until October 1, 2020, which is over one year after the Supreme Court decided Rehaif. Cromer argues that he filed the instant motion within one year of the Fourth's Circuit decision in United States v. Gary, 954 F.3d 194, 200 (4th Cir. 2020), which was decided on March 25,

3

2020. (§ 2255 Mot. at 11, ECF No. 34.) However, Gary held that "a standalone Rehaif error satisfies plain error review because such an error is structural, which per se affects a defendant's substantial rights" and "that the error seriously affected the fairness, integrity and public reputation of the judicial proceedings." Id. Thus, the Fourth Circuit's decision in Gary is based on a Rehaif error, and any one year limitation for filing a § 2255 motion would be based on the date of the Rehaif decision. Therefore, this motion is time barred under § 2255(f)(3).

Further, with respect to § 2255(f)(4), the facts supporting Cromer's claim could have been discovered through the exercise of due diligence as of the date judgment was entered. Thus, Cromer's motion is time barred under § 2255(f)(4).

Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill, 277 F.3d at 707. The statute of limitations set forth in § 2255 is equitably tolled only "for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Cromer is not entitled to equitable tolling. A movant is entitled to equitable tolling of

4

§ 2255's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Cromer has failed to show that he diligently pursued his rights in attempting to file a § 2255 motion, or that some extraordinary circumstance precluded a timely filing. The sole basis that Cromer argues for relief in his § 2255 motion is an alleged Rehaif error. However, even if the instant § 2255 motion was not time barred, Cromer is not entitled to relief because Rehaif is not retroactive to cases on collateral review. Cromer cites the Fourth Circuit's decision in United States v. Gary as the basis for the timeliness of his motion as it was decided March 25, 2020. (§ 2255 Mot. 11, ECF No. 34.) However, the Fourth Circuit's decision in Gary is based on Rehaif. In addition, Cromer waited approximately six months to file the instant motion after the Fourth Circuit's decision in Gary.

As the determination that Rehaif is not retroactive for purposes of the statute of limitation also extends to Cromer's substantive claim, it is clear that there is simply no other means for this motion to be salvaged. Therefore, it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles," and the court concludes that summary dismissal of Cromer's § 2255 motions is appropriate. Hill, 277 F.3d at 707.

It is therefore

**ORDERED** that Cromer's § 2255 motion, docket number 34, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Cromer has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
October 8, 2020

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified of his right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.